## HARRIGAN *v.* CITY OF BROOKLYN.

(*Supreme Court, General Term, Second Department.* December 14, 1891.)

MUNICIPAL CORPORATIONS—INJURIES ON UNIMPROVED SIDEWALKS.
  Plaintiff, while walking along an unimproved sidewalk, on a street which was opened, paved, and curbed, stepped into a V-shaped opening in the curb, not at a crossing, and was thrown down and injured. *Held,* the sidewalk being unimproved, that plaintiff was using the same at his peril; that the accident was one that no human foresight could have anticipated; and that a verdict for plaintiff could not be sustained.

Appeal from circuit court, Kings county.

Action by William Harrigan against the city of Brooklyn to recover for personal injuries alleged to have been caused by defendant's negligence. From a judgment entered upon a verdict for plaintiff for $1,350, and from an order denying a new trial, defendant appeals. Reversed.

Plaintiff alleged in his complaint, and gave evidence at the trial to show, that he received the injuries in question while walking on a sidewalk on Hicks street, in Brooklyn, by stepping on a curb-stone which contained a V-shaped opening, into which his foot slipped, throwing him down, and breaking his ankle. Hicks street, at the alleged place of the accident, was opened, paved, and curbed, but no sidewalks were laid at or beyond such point to the end of the street. Plaintiff and his brother, who was with him at the time, testified as to the place of the accident, and that it happened at about 11 o'clock at night. They were, in such particulars, directly contradicted by the reports of three policemen, who went on duty at midnight, and of the ambulance surgeon, which showed that the accident happened at about 1 o'clock, and at the corner of Henry and Huntington streets, instead of on Hicks street, as alleged. For appeal from order overruling demurrer, see 5 N. Y. Supp. 673.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Almet F. Jenks,* (*William T. Gilbert,* of counsel,) for appellant. *James C. Church,* for respondent.

PRATT, J. It cannot be said there was not evidence, in case the jury believed the plaintiff and his witnesses, to sustain the verdict, although it seems very doubtful, from reading the testimony, whether the accident occurred at the time or place claimed by the plaintiff. The credibility of the witnesses was for the jury to pass upon, and under familiar rules the verdict must stand as to the facts. It is undoubtedly true as a proposition of law that, where power is vested in public officers to make improvements, such as street sewers, etc., and keep them in repair, the duty to make them is *quasi* judicial or discretionary, involving a determination as to their necessity, location, etc.; and for a failure to exercise this power, or an erroneous estimate of the public

needs, no civil action can be maintained.    Judge Cooley says in the *Toolan Case*, 37 Mich. 154: "In planning a public work a municipal corporation must determine for itself to what extent it will guard against possible accidents.    Courts and juries are not to say it shall be punished in damages for not giving to the public more complete protection, for  *  *  *  that would be to take the administration of municipal affairs out of the hands to which it has been intrusted by law."    It is perfectly clear in this case that no human foresight could ever have anticipated such an accident as is here claimed.    The city authorities had never paved or flagged the sidewalk, and in that regard had never invited the public to use it, except at their own risk.    The authorities had never planned to make a sidewalk for travel, and any one attempting to use it took the risk of accident, unless there was some dangerous hole or obstruction which had been placed there since the sidewalk was constructed so far as planned.    The notch where plaintiff claims he was injured was not at a crossing, and it is a most remarkable coincidence (not to say unreasonable) that the plaintiff should cross the street at this precise spot, and happen to put his foot in that particular notch in the curb-stone.    Applying the rule before laid down, it does not seem to us that the plaintiff established a want of reasonable care on the part of the defendant.    It was really such a defect as would not be liable to be in that locality, and one which no reasonable man would ever suppose would be likely to result in injury to any one.    We think the judgment ought to be reversed, and new trial ordered; costs to abide event.    All concur.