MARY DUFFY, Respondent, *v.* CATHARINE DUFFY (JOHN MCARDLE, Individually, and as Administrator, etc. of CATHARINE DUFFY, Deceased, Substituted, etc., Appellant), Impleaded with FRANCIS DUFFY and Others, Respondents.

*Testamentary provision in lieu of dower — widow's election to accept it — partition.*

A widow's election to accept a testamentary provision in lieu of dower follows the running, and takes effect upon the expiration, of the statutory year provided for such election (1 R. S. 742, § 14), unless in the interim there has been an unequivocal assertion of a claim to dower and a renunciation of the provision made by the will.

A testator devised to his widow, in lieu of dower, the undivided half of certain real estate or one-half of the net proceeds thereof; the widow made no claim to dower, nor did she enter upon the testator's lands individually (although

she collected rents therefrom as executrix), within one year after her husband's death, and under the statute her election to accept the provision of the will became fixed; but in an action for the partition of the land, one-half of which was devised to her, the widow, in her answer, denied the tenancy in common set up in the complaint and alleged that by his will her husband devised all his real estate to her, and asserted absolute ownership in fee of the premises in question and of the whole thereof.

*Held,* that the widow was not concluded by this claim of superior right, and that by making it she did not reject the provision of the will as between such provision and the dower right.

The interlocutory decree in the action for partition required the widow to indicate her refusal of the provisions of the will, and her election to receive dower, in writing, within thirty days after the sale, and provided that in case she failed to do this she should be deemed to have accepted the provisions of the will. The widow died before the sale, and the order or judgment of distribution made thereafter, after a recital to the effect that the widow had died without having accepted the provisions of her husband's will in lieu of dower, so disposed of the proceeds of the sale as to deprive the widow's representative of any share therein.

*Held,* that whether the above provision of the interlocutory decree was authorized, in that it attempted to give the widow more than the statutory year to determine whether she would prefer dower to the provisions of the will, would not be considered;

That even if the interlocutory decree was right in this respect, it did not justify the above recital in the order or judgment of distribution, which neither followed the interlocutory decree nor was warranted by the facts;

That all that could be finally adjudged, pursuant to the interlocutory decree, was that the widow died without having refused the provisions of the will or having elected to receive dower, and that, even as to that, the interlocutory decree ceased to be operative upon her death, since she had thirty days after the sale thereunder to file her refusal.

It appeared that all the facts essential to a final disposition of the question were before the court upon a motion for a resettlement of the order or judgment of distribution.

*Held,* that the right of the widow's representative to one-half of the net proceeds of the sale then sufficiently appeared, and that such order or judgment should be modified accordingly.

APPEALS by the defendant, John McArdle, individually and as administrator, etc., of Catharine Duffy, deceased, substituted as a defendant in the place and stead of said Catharine Duffy, from three orders of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 31st day of May, 1892, the 29th day of June, 1892, and the 23d day of March, 1893, respectively.

The orders appealed from are further described in the opinion.

The action was brought for the partition of certain real property of which Philip Duffy died seized. The defendant, Catharine Duffy, who died since the commencement of the action, was the widow of said Philip Duffy ; the plaintiff and the other defendants are the heirs at law of Philip Duffy, being his brothers and sisters.

*Rufus M. Williams*, for the appellant McArdle.

*Sidney H. Stuart*, for the plaintiff-respondent.

*W. Irwin* for Susan Daly, defendant and respondent.

*Messrs. Doherty, Durnin & Hendrick*, for Francis Duffy et al., defendants and respondents.

BARRETT, J. :

There are here three appeals. *First.* An appeal from what is called an order made by Mr. Justice LAWRENCE at Special Term on the 31st day of May, 1892, confirming a referee's report of sale in partition, and decreeing distribution of the proceeds of sale. *Second.* An appeal from an order made by the same justice at Special Term, on the 22d day of June, 1892, denying a motion to resettle the previous order by varying the direction therein as to the distribution of a certain part of the proceeds of sale. *Third.* An appeal from an order made by Mr. Justice INGRAHAM, at Special Term, denying a motion to amend the interlocutory judgment in the particulars as to which relief had been sought by the motion last referred to.

The substantial question brought up by these appeals is whether Catharine Duffy, the widow of Philip Duffy, did or did not elect in her lifetime to accept the provision made for her in her husband's will in lieu of dower. That provision was a devise of the undivided half of the property sold under the decree of partition herein, " or one-half of the net proceeds thereof, to her or her heirs or devisees forever." Philip Duffy died on the 3d day of June 1886. Catharine made no claim to dower within one year thereafter. Under the statute then, her election to accept the provisions of the will became fixed and settled. She could not thereafter reject such provision

and claim her dower.   (1 R. S. 742, § 14; *Akin* v. *Kellogg*, 119 N. Y. 447, 448.)

It is contended, however, that there was an express repudiation of the provision of the will; not in the manner contemplated by the statute — for Mrs. Duffy neither entered upon the lands individually nor did she commence proceedings for the recovery or assignment of dower — but by the assertion in her answer in this action of a greater right than that conferred by the provision of the will. We say that Mrs. Duffy never entered upon the lands individually because it is claimed that her acts in collecting rents emphasized her refusal to accept the provisions of the will.   But she collected these rents as executrix, and her acts in that regard had no bearing upon the question of her individual election.

In her answer, Mrs. Duffy denies the tenancy in common set up in the complaint; alleges that, by the will, her husband devised all his real estate to her, and asserts absolute ownership in fee of the premises in question and of the whole thereof.   We do not think that Mrs. Duffy was concluded by this claim of superior right.   By making it she did not reject the provision of the will as between such provision and the dower right.·   The question whether she would accept such provision rather than dower was not involved in the assertion of another and a different right which was greater than either, and the assertion of the greater right was not inconsistent with the acceptance of the lesser.   Her claim of absolute ownership involved an inaccurate construction of her husband's will, not repudiation of what was really provided.   If the situation had been reversed, her baseless assertion of absolute ownership would not have relieved her from the running of the statutory year nor would an election thereafter to take dower have been permitted.   The election to accept the testamentary provision follows the running of the statutory year, unless in the *interim* there is, as was said in *Chamberlain* v. *Chamberlain* (43 N. Y. 440), " an unequivocal assertion of a claim to dower and a renunciation of the provisions made by the will."   Here there was neither assertion of the one right nor renunciation of the other.   There was simply what amounted to an unfounded claim, based upon an inaccurate opinion, that the will gave her more than it really did give her, and as a sequence, that she not only accepted, but actually insisted upon all that it gave her,

the remaining one-half as well as the one-half clearly devised, that is, the whole.

It is contended, however, that the order of distribution was right because it followed the interlocutory decree which was made on the 19th of December, 1887. By this latter decree Mrs. Duffy was required to indicate her refusal of the provisions of the will and her election to accept dower by an instrument in writing to be filed, and a certified copy thereof to be delivered to the referee within thirty days after the sale. In case she failed to do this, the decree provides that she shall be deemed to have accepted the provisions of the will. These words then immediately follow this latter expression :

" To be fixed by the said referee, according to the principles of law applicable to annuities, and to be paid over to her in a gross sum ; or at her election, one-third of the proceeds of said sale to be paid into court, according to law and the rules and practice of the court, for the purpose of being invested for her benefit, according to law."

This is somewhat confusing, but the meaning can be gathered from the context. It is quite evident that the words which we have quoted were intended to apply to an election to receive dower and not to the acceptance of the provisions of the will. Plainly, they could not have applied to an acceptance of the provisions of the will. The decree should be read as though all that preceded these words, with regard to the manner of refusal and election, had been embraced in a parenthesis. It would then read clearly enough, and, doubtless, as was intended, to wit : " The dower of the said defendant Catharine Duffy, wife of Philip Duffy, deceased, in case she refuses to accept the provisions of said will of said Philip Duffy and elects to receive said dower * * * to be fixed by the said referee according to the principles of law applicable to annuities, etc."

Mrs. Duffy died long before the sale, and she never filed a refusal to accept the provisions of the will or an election to receive dower. It will be observed that she was not required to file an election to accept the provisions of the will. Acceptance was deemed to follow her failure to file " such refusal or election "—that is, such *refusal of the provisions of the will or such election to receive dower.* Whether this part of the interlocutory decree was authorized, we need not consider. It attempted to give the widow more

than the statutory year to determine whether she would prefer dower to the provisions of the will. But even if the decree was right in this respect, it did not justify the recital in the order appealed from of May 31, 1892, under which recital Mrs. Duffy's representative has been deprived of any share in the proceeds of the sale. This recital is as follows:

"And it appearing to the satisfaction of the court, by the affidavits of William Irwin and Sidney H. Stuart, that the defendant, Catharine Duffy, died on the 19th day of November, 1890, without having accepted the provisions of the will of Philip Duffy, deceased, in lieu of her dower in his estate, and without having elected to receive the same in lieu thereof."

This, as we have seen, does not follow the interlocutory decree, nor is it warranted by the facts. Mrs. Duffy *had* accepted the provisions of the will by failing to " commence proceedings for the recovery or assignment " of her dower within one year after the death of her husband, and she thereby *had* elected to receive such provisions, *whatever they were and however they might be construed,* in lieu of dower.

What has been called the order of May 31, 1892, was in reality the final judgment in the action entered pursuant to section 1577 of the Code of Civil Procedure. It was founded upon the report of sale and upon the pleadings, interlocutory judgment and all the proceedings in the action. But it was not founded upon the affidavits of William Irwin and Sidney H. Stuart, which are recited therein. The notice of the application makes no mention of these or of any affidavits, nor are they to be found in the record. These gentlemen made affidavits to oppose the subsequent motion for a resettlement of this judgment, but none, apparently, to support the recital under which the court adjudicated against Mrs. Duffy's representative. All that could be finally adjudged following the interlocutory decree alone, was that Mrs. Duffy died without having refused the provisions of the will or elected to receive dower. Even as to that, the interlocutory decree ceased to be operative upon her death. For she had thirty days after the sale thereunder to file her refusal. It is apparent that, upon her death, further directions became imperative, and that her representative was entitled to a hearing in the usual way upon proper proofs.

We think, however, that all the facts essential to a final disposition of the question in dispute were before the court upon the motion for a resettlement of the order or judgment of distribution, and that the right of Mrs. Duffy's representative to one-half of the net proceeds of the sale then sufficiently appeared.

The order of June 22, 1892, should, therefore, be reversed and the motion granted, and, accordingly, the order or judgment of May 31, 1892, should be modified by striking out the recital above referred to, and instead thereof adjudging that Catharine Duffy did elect to accept, prior to her death, the undivided one-half interest in the property first described in the complaint and in said judgment of partition, in lieu of her dower, and that her estate and next of kin are entitled to receive the same, and that the referee named in the judgment of partition be directed to pay over to the administrator of the estate of the said Catharine Duffy, deceased, one-half of the net proceeds arising from the sale of said premises, with ten dollars costs of this appeal, and disbursements payable out of the general proceeds of the sale.

And the appeal from the order of March 23, 1893, should be dismissed, without costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Order of June 22, 1892, reversed and the motion granted, and the judgment or order of May 31, 1892, modified as directed in opinion, with ten dollars costs of this appeal, and disbursements payable out of the general proceeds of the sale.

The appeal from the order of March 23, 1893, dismissed, without costs.