CATHERINE HAINES, as Administratrix, etc., Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

Where the defendant at the close of the evidence on trial of an action by a jury, moves the court to direct a verdict in his favor, without specifying any ground, and the motion is denied and he excepts, and a verdict is rendered against him, he cannot maintain his exception on appeal by showing that there was a defect in the proof upon some points, and so that the facts did not authorize the verdict, provided that the failure of of proof might have been supplied, had the attention of the other side been called to the defect.

In an action to recover damages for the alleged negligent killing of plaintiff's intestate, the case was contested on the ground that there was no negligence on defendant's part, and that there was contributory negligence on the part of the decedent, and at the conclusion of the whole evidence defendant's counsel asked the court to direct a judgment for defendant, but stated no ground therefor, which motion was denied and defenddant excepted. A verdict was rendered for plaintiff and an appeal was brought on the sole point that decedent was upon the evidence, as matter of law, chargeable with contributory negligence, *held*, that the general exception to the denial of the motion was insufficient to present this question, as it was one upon which additional proof might have been given by plaintiff had it been specified.

(Argued January 30, 1895; decided March 5, 1895.)

APPEAL from judgment of the General Term of the Superior Court of Buffalo, entered upon an order made May 2, 1894, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This action was brought to recover damages for the negligent killing by defendant of plaintiff's husband.

The facts, so far as material, are stated in the opinion.

*James F. Gluck* for appellant. The trial court should, at the close of the evidence, have directed a verdict for the defendant. The exception taken to the court's refusal to do so was valid, and fully presents for review by this court all questions of fact in the case. For the refusal of the court so to do a new trial should be granted. (*Biesegal* v. *N. Y. C. & H. R. R. R. Co.*, 40 N. Y. 9; *Hatty* v. *N. Y. C. & H. R. R. R. Co.*, 42 id. 468; *Young* v. *N. Y., L. E. & W. R. R. Co.*, 107 id. 500; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 70 id. 119; *Woodward* v. *N. Y., L. E. & W. R. R. Co.*, 106 id. 369; *Scott* v. *P. R. R. Co.*, 130 id. 679; *C., B. & Q. R. Co.* v. *Flint*, 22 Ill. App. 502.)

*George W. Cothran* for respondent. The question of ordinary care is one of fact for the jury. (*Holly* v. *B. G. Co.*, 8 Gray, 131; *W. R. Co.* v. *McDaniels*, 107 U. S. 454; *Ernst* ▾. *H. R. R. R. Co.*, 35 N. Y. 9.)

ANDREWS, Ch. J. The plaintiff's intestate died from injuries received while passing along the side of the track of the defendant on Webster street in the city of Tonawanda. He had passed up Sweeney street to its junction with Webster street and then, as the evidence shows, looked up and down the railroad track and, no train being in sight, turned on to Webster street and proceeded for about forty feet along and very near the track of the railroad on Webster street, when he was hit by a train coming behind him, causing the injury of which he died. There was evidence tending to show negligence in the

management of the train, and the defendant's negligence is not, upon this appeal, denied. The case at the trial was defended both on the ground that there was no negligence on the part of the defendant, and that the deceased was guilty of contributory negligence in not looking after leaving the corner of Sweeney street to see whether there was an approaching train, although he walked thereafter a distance of nearly forty feet in near proximity to the track. The case was contested on the trial on both points, and evidence was given upon the issues by each party respectively. On the conclusion of the whole evidence the defendant's counsel asked the court to direct a verdict for the defendant, but stated no ground, nor did he call the attention of the court or the opposite counsel in any way to the specific point on which the motion was based. The motion was denied and the court then submitted the case to the jury in a charge which fully presented the facts disclosed, bearing upon the question of the defendant's negligence and the contributory negligence of the deceased. The charge was not excepted to by either party and no requests to charge were made by either. The only exception in the case is the exception to the denial of the motion to direct a verdict, as above stated. The jury rendered a verdict for the plaintiff, and this appeal is brought on the single point that the decedent was, upon the evidence, as a conclusion of law, guilty of contributory negligence, and the appellant's counsel relies upon the exception referred to as raising the question.

We think the general exception to the ruling of the court denying the defendant's motion to direct a verdict is insufficient to raise the question now presented. When on a trial by jury a general motion to direct a verdict is granted and an exception is taken by the other party, he is entitled on appeal to a reversal if there was any evidence tending to establish any material fact in his favor, which, if found by the jury, might have changed the result. (*Trustees of East Hampton* v. *Kirk*, 68 N. Y. 460; *Stone* v. *Flower*, 47 id. 566.) His exception challenges a scrutiny of the whole evidence, and

the party upon whose motion the direction is made and who is the actor in procuring it, takes the risk, and it is no answer to the exception that if the other party had called the attention of the court to the evidence which required a submission of the case to the jury, the direction might not have been given. But where a defendant, as in this case, makes a motion for a direction without specifying any ground, and the motion is denied, and he excepts to the ruling and a verdict is rendered against him, he cannot maintain his exception on appeal on showing that the facts found did not authorize the verdict, provided the failure of proof might have been supplied if the attention of the opposite counsel had been called to the defect.

It has been frequently held that a general objection to evidence without specifying any ground is ineffectual, unless the evidence offered could under no circumstances be rendered competent, and an exception to the denial of a motion for non-suit, not pointing out any defect in the evidence, will not entitle the party to a reversal on appeal, on the ground that the evidence was insufficient to sustain the verdict if the defect was, in its nature, one which might have been remedied if attention had been called to it.

The point attempted to be argued in this case was the contributory negligence of the intestate, in not looking behind him for the approaching train after he left the corner of Sweeney street. It was a question which, in its nature, was one upon which additional proof might have been given by the plaintiff. It may be, and probably is true that her evidence on that question had been exhausted, but we cannot know this for certainty. The precedent which a reversal of this judgment would set, that a general exception to a refusal to direct a verdict raises the question whether the evidence given was sufficient to sustain the verdict given, when the attention of the court and counsel on the trial was in no way called to the defect, and when the defect was in its nature amendable, would tend in many cases to great injustice. The case of an action for conversion where a demand was necessary, but was not proved, although it may have been made, is an illustration.

It is but fair to the court and to the parties that in some general way, at least, attention should be called by the party asking a direction to the point upon which the motion is based. Such a practice will prevent surprise and contribute to an intelligent comprehension by the court and the opposite party of the situation, and unnecessary litigation will thereby in many cases be avoided.

The judgment should be affirmed, with costs.

All concur, except Finch, J., not voting.

Judgment affirmed.