### WALSH v. CAMPBELL.

(Supreme Court, Appellate Division, First Department. March 6, 1896.)

On motion for reargument. Denied.
For prior report, see 37 N. Y. Supp. 362.
Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

James P. Campbell, for the motion.
John Jeroloman, opposed.

PER CURIAM. Some confusion is created in marshaling the different payments by reason of the plaintiff having credited on account of the contract one payment of $300 which should have been

credited on account of extra work, because the receipt itself states that it was a payment on account of such extra work. The result, however, is in nowise changed; for, if we credit it, as it should have been, to extra work, it would make a payment of $300 less on account of the contract, so that the balance due on the contract, instead of being $72.94, should have been $372.94. And although the plaintiff states that but $72.94 was due on the contract, it was entirely proper for the referee, in reaching a conclusion as to the true state of the accounts between the parties, to adjust them as the figures warranted. If, therefore, we restate the account as it should have been presented by the plaintiff, and give credits to the accounts upon which payments were made, we reach the same result, because it is conceded that the contract price was $18,000, and the extra work performed amounted to $560.99, making a total of $18,560.99. There were, in all, eleven receipts, one of which was for $300 on account of extra work; and of the other ten receipts, one, which stated that it was a payment of $300 on account of contract, was properly held, by the referee, to be for money that had been given to plaintiff to pay taxes, and for which, therefore, the defendant was not entitled to a credit. If, therefore, we deduct the amount of the remaining nine receipts, $17,627.06, paid on account of the contract, from $18,000, the contract price, it leaves a balance of $372.94; and if, then, we deduct the $300 paid on extra work from $560.99, the value of such extra work, it leaves a balance due on that account of $260.99. Adding together these two amounts, $372.94 (due on the contract) and $260.99 (balance for extra work), we have $633.93, the amount of plaintiff's claim allowed by the referee. If we state it in another form, we reach the same result, thus:

| | | |
|---|---:|---:|
| The contract price was.................................... | $18,000 00 | |
| There was extra work performed worth................... | 560 99 | |
| | $18,560 99 | |
| Plaintiff claimed, and the referee found, that there remained unpaid on contract........................... | | $ 72 94 |
| And that the full amount was due for extra work....... | | 560 99 |
| | | $633 93 |
| Defendant produced eleven receipts,—ten on account of contract, aggregating.......... $17,927 06 | | |
| And one (which defendant claims the court overlooked) on account of extra bill rendered ........................ ............ 300 00 | 18,227 06 | |
| Leaving a balance due plaintiff of..................... | $  333 93 | |
| The proof showed that one of the ten receipts on account of contract, being the one numbered 9, for $300, was a mistake, the money having been given to plaintiff to pay defendant's taxes. Deducting this sum from the amount paid, and adding it to the amount due......... | 300 00 | |
| Makes the total amount owing by plaintiff to defendant.. | $633 93 | |

If it would serve to clear the matter in the appellant's mind, we think that the respondent correctly summarizes it in his argument

by saying it is as broad as it is long, whether the amount of the receipt is deducted from the additional and extra work of $560.99, or from the contract price of $18,000; for, if deducted from the contract price, it would leave due on the contract $372.94, instead of $72.94. Add to the figures, $372.94, the sum of $260.99, the balance unpaid on the extra and additional work (if the amount of receipt of March 12, 1886, was deducted from said additional and extra work of $560.99), would still leave the balance due plaintiff the same, viz. $633.93.

| | |
|---|---:|
| The contract for erecting building on 438 West Thirty-Second street was | $18,000 00 |
| The additional and extra work on the said building consisted of two items, viz.: | |
| Fifteen mantels at an additional cost, which is admitted | 90 00 |
| Other additional and extra work | 470 99 |
| Plaintiff's total claim | $18,560.99 |
| Paid on account, which is admitted by both plaintiff and defendant, and, as appears by the receipts offered in evidence by the defendant's counsel (which will be found at pages 155 to 158), including the receipt of March 12, 1886, which the appellant claims the court overlooked | 17,927.06 |
| Balance due plaintiff over all payments made | $ 633 93 |

The motion should therefore be denied, with $10 costs.