(17 App. Div. 204.)

### BRONSON v. GUTCHES.

(Supreme Court, Appellate Division, Third Department. May 11, 1897.)

1. JUSTICES OF THE PEACE—TRANSFER OF CAUSE—TESTIMONY OF JUSTICE.
    Under Code Civ. Proc. § 3151, requiring the justice before whom a cause is pending to transfer it to another justice for trial, where defendant presents "satisfactory proof by affidavit" that he (the justice) is a material witness for defendant, the justice has no right to pass on the truth of the facts stated in the affidavit.

2. SAME—ERROR IN ASKING RELIEF.
    Defendant's right in such case to have the trial transferred before another justice is not affected by the fact that the affidavit asked for a dismissal instead of a transfer.

Appeal from Chenango county court.

Action by Oscar Bronson against Carthon Gutches to recover damages for an alleged breach of a verbal lease. There was a judgment in favor of plaintiff for $11.75, damages and costs, and defendant appeals. Reversed.

The plaintiff brought his action, alleging a breach of the terms and conditions of a lease between him and the defendant, whereby he suffered damage in the sum of eight dollars. Upon the return day of the summons, and upon the filing of plaintiff's complaint, the defendant filed an affidavit with the justice, setting forth that the justice before whom the cause was pending "is a material witness for this deponent in the said cause, and that he cannot safely proceed to the trial thereof without the testimony of the said Justice G. R. Jacobson." "And this deponent further says that he expects to prove by the said justice the following facts and circumstances [to wit]: That on the 2d day of February inst., and at the time of the issuing of the summons

in this cause or proceeding, he (the said Oscar Bronson, plaintiff) acknowledged and said to said justice that this deponent did not owe him anything, and he did not expect to recover, and that he had paid him in full, but he (this deponent) had acted unfairly, and he (the said plaintiff) meant to make him suffer for it, and that he sued him to make costs and trouble; and deponent further says that he is unable to prove the said admissions by any other person than the said justice." This affidavit was subscribed and sworn to by the defendant. Notwithstanding the filing of this affidavit, the justice proceeded with the trial of the action, the defendant not participating therein. The trial resulted in the rendition of a judgment in favor of the plaintiff, and against the defendant. In the view that is taken of the case by this court, it is unnecessary to state any facts relating to the merits of the case.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

H. C. & V. D. Stratton (Hubert C. Stratton, of counsel), for appellant.

Charles Clinton, for respondent.

HERRICK, J. The Code of Civil Procedure (section 3151) reads as follows:

"If, before an issue of fact is joined in an action or special proceeding, the defendant, or, where he has not been arrested, his attorney, presents to the justice satisfactory proof, by affidavit, that the justice, before whom the action or special proceeding is pending, is a material witness for the defendant, without whose testimony he cannot safely proceed to trial, setting forth therein the particular facts and circumstances, which he expects to prove by him, the justice must forthwith make a written order, directing the action or special proceeding to be continued before another justice of the same town or city, named in the order."

Similar statutes have heretofore been the subject of investigation. At the time the case of Young v. Scott, 3 Hill, 32, was decided, the statute provided for an affidavit similar to that now required, and provided that, upon filing of such an affidavit, the case should be discontinued, "if the justice shall be satisfied that he is a material witness for the defendant, and that without his testimony he cannot safely proceed to trial, and not otherwise." Under that law, the court held that, while the justice could judge of the sufficiency of the affidavit, yet he could not refuse a discontinuance, upon the ground that he did not recollect the facts which the defendant expected to prove by him. The words of the present statute, "satisfactory proof," mean practically the same thing as the words "if the justice shall be satisfied," in the former; and it seems to me that the same construction should be given to the present statute as was given to the former one, and he now has, as the court decided he then had, the power to pass upon the sufficiency of the affidavit,—that is, whether it contains the statutory requirements, and whether the facts and circumstances which he specifies as those he expects to prove by him constitute him a material witness.

In this case the justice did not pass upon the sufficiency of the affidavit. If he had, his action could be reviewed upon appeal. He disposed of the matter by simply saying the affidavit was false. The return says: "The court, knowing the statement was not true, denied the motion." If an affidavit can be disposed of in that way, then the question is beyond review. The appellate court has no means of de-

termining who tells the truth, and the justice will then have it in his power arbitrarily to defeat a defendant's application, deprive him of a necessary witness, and not have his action in that respect reviewable upon appeal. The power to pass upon the sufficiency of an affidavit does not mean the power to determine as to its truth or falsity. That is not the test of sufficiency. If there is any issue of veracity between the justice and the defendant, that issue cannot be tried before such justice, and upon his unsworn statement opposed to the defendant's affidavit, but before another magistrate, where both testify as witnesses under the solemnity of an oath.

In Hopkins v. Cabrey, 24 Wend. 264, the court said:

"The justice had no right to interpose his private knowledge or recollection as an answer to the affidavit. Doing so would enable a justice to defeat the application, and at the same time to put the point beyond the reach of review, even on the facts which he may assume to know or to have forgotten. Here, it is true, he states them, but not under his oath as a witness. That the defendant has a right to require."

In the case before us, as we have seen, the justice simply pronounces the defendant's affidavit false. That is not a determination of its sufficiency. I think the affidavit was sufficient, and that it was the duty of the justice to transfer the case. The fact that the defendant, in his affidavit, asked that the case should be dismissed, instead of transferred, is not material. Upon filing the proper affidavit, the statute makes it the duty of the justice forthwith to transfer the trial and determination of the cause to another magistrate; and because the defendant mistakenly asked for a dismissal, instead of a transfer of the action, makes no difference as to the magistrate's duty, nor cures the error in his proceeding in violation of the statute, and for that error the judgment should be reversed.

Judgment of the county court and of the justice's court reversed, with costs to the appellant in both courts, together with the costs and disbursements of this appeal. All concur.