Adela McNish, Appellant, v. The Village of Peekskill, Respondent.— Judgment affirmed, with costs.— Appeal from a judgment entered upon the decision of the court, dismissing plaintiff's complaint upon the merits.—

PER CURIAM : This case has been twice before this court, once upon an appeal from a judgment entered in favor of the plaintiff, which resulted in a reversal of the same and the granting of a new trial. (McNish v. Village of Peekskill, 91 Hun, 324.) It was again before this court upon a motion for reargument, which was denied. (2 App. Div. 617.) Upon a new trial being had the case was, by stipulation, submitted upon the same testimony, and at the close of the trial the court dismissed plaintiff's complaint, upon which judgment has been entered in favor of the defendant, and an appeal from such judgment brings the matter again into this court. The record being the same as when before the court upon the former appeal, we are concluded by our former decision, unless it appear that the conclusion was wrong. After a re-examination of the case, we see no reason for departing from the rule of law there laid down. The difficulty with the plaintiff's position is that at the place where this injury occurred the authorities of the village had constructed no walk for foot passage, or created a condition inviting passage of the roadway. There was nothing in the surroundings from which an invitation by the authorities to attempt the passage along the street could be implied. On the contrary, the surroundings excluded any such presumption. The defendant could be under no reasonable apprehension that the plaintiff or other persons would make use of the street in the manner and under the circumstances which was attempted by the plaintiff. It was, therefore, under no obligation and owed no duty to use any more precaution for the protection of persons in that locality than it did. This circumstance removes the case from the operation of the rule applied in Brusso v. The City of Buffalo

(90 N. Y. 679) and other kindred cases. Plaintiff had no right to assume that she could safely make use of the street at the time and in the manner in which the attempt was made. The judgment should be affirmed, with costs. All concurred.