### McNISH v. VILLAGE OF PEEKSKILL.

(Supreme Court, Appellate Division, Second Department.    November 30, 1897.)

DEFECTIVE STREET—INJURY TO TRAVELER.
    A foot passenger in attempting, on a stormy night, to cross an outlying
    and wholly unimproved village street, fell into a furrow which a contractor
    working on behalf of the village had run in connection with proposed
    grading, and was injured.    There was nothing in the surroundings to con-
    stitute an invitation from the authorities to use the street, and no reason
    for them to suppose it would be used under such circumstances.    In an
    action against the village to recover for the injuries, *held*, that the facts
    failed to establish any liability of the defendant.

Appeal from special term.
    Action by Adela McNish against the village of Peekskill.    From a
judgment dismissing plaintiff's complaint on the merits, plaintiff
appeals.    Affirmed.

    The action was brought to recover damages sustained by the plaintiff, from
alleged negligence of defendant, from the fracture of her knee pan from a fall
while in Hudson avenue, an outlying street of the village of Peekskill, on May
1, 1893.    The avenue was wholly unimproved, and had an unfrequented path
on each side.    The path on the north side was better than that on the south
side, but no sidewalk had been made or ordered made.    On the day of the acci-  •
dent a contractor working on behalf of the village commenced to grade the
avenue, and ran a furrow along the southerly side.    The accident happened at
night, during a violent storm, when plaintiff, who had been walking on the
south side of the avenue, along the path, turned to cross the street, and fell be-
tween two trees into the furrow.

    Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and BRADLEY, JJ.

Henry W. Bates, for appellant.
Leverett F. Crumb, for respondent.

PER CURIAM. This case has been twice before this court. Once upon an appeal from a judgment entered in favor of the plaintiff, which resulted in a reversal of the same and the granting of a new trial. McNish v. Village of Peekskill, 91 Hun, 324, 36 N. Y. Supp. 1022. It was again before this court upon a motion for reargument, which was denied. 2 App. Div. 617, 37 N. Y. Supp. 1147. Upon a new trial being had, the case was, by stipulation, submitted upon the same testimony; and at the close of the trial the court dismissed plaintiff's complaint, upon which judgment has been entered in favor of the defendant, and an appeal from such judgment brings the matter again into this court. The record being the same as when before the court upon the former appeal, we are concluded by our former decision, unless it appear that the conclusion was wrong. After a re-examination of the case, we see no reason for departing from the rule of law there laid down. The difficulty with the plaintiff's position is that at the place where this injury occurred the authorities of the village had constructed no walk for foot passage or created a condition inviting passage of the roadway. There was nothing in the surroundings from which an invitation by the authorities to attempt the passage along the street could be implied. On the contrary, the surroundings excluded any such presumption. The defendant could be under no reasonable apprehension that the plaintiff or other persons would make use of the street in the manner and under the circumstances which was attempted by the plaintiff. It was therefore under no obligation and owed no duty to use any more precaution for the protection of persons in that locality than it did. This circumstance removes the case from the operation of the rule applied in Brusso v. City of Buffalo, 90 N. Y. 679, and other kindred cases. Plaintiff had no right to assume that she could safely make use of the street at the time and in the manner in which the attempt was made.

The judgment should be affirmed, with costs.