SMITH v. COE et al.

(Supreme Court, Appellate Division, First Department. January 25, 1901.)

1. SALES—PERFORMANCE OF CONTRACT—ACCEPTANCE.

Where a contract requiring the manufacture and delivery of a quality of bicycles does not contain a warranty, and the goods furnished are not according to contract, and are all equally bad, but the purchaser allows the manufacturer to deliver all the wheels after he has had a reasonable time to examine the first shipment, he cannot maintain a counterclaim to an action on the contract for the manufacturer's failure to furnish goods of the quality required by the contract, since his act constitutes an acceptance.

2. SAME—AUTHORITY OF AGENT—ACCEPTANCE OF GOODS.

Where it is in issue whether defendant refused to receive goods delivered under a contract made with the receiver for their manufacture and sale, evidence of statements made by defendant to the agent of the firm for which the receiver was appointed are not admissible against the receiver, since the agent could not bind the receiver of his principal.

Motion for reargument. Denied.

For former opinion, see 67 N. Y. Supp. 350.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGH-LIN, PATTERSON, and O'BRIEN, JJ.

PER CURIAM. Upon the motion for a reargument the defendants insist that this court overlooked the case of Cahen v. Platt, 69 N. Y. 348. It was therein held, as stated in the headnote, that:

"Where a vendee has received and accepted under a contract of sale a portion of the goods contracted for, the fact that the goods as accepted were of a quality inferior to that called for by the contract does not authorize him to repudiate the contract altogether and to refuse to accept the residue. He may demand goods of the stipulated quality, and if the balance, when offered, prove to be of an inferior quality, may refuse to accept; but, if such as the contract calls for, he is bound to receive them."

The principle of that case is not here involved, for here the wheels included in the first as well as the subsequent shipments were all of the same quality, equally good or equally bad, and therefore upon

the question of delivery and acceptance it was proper to consider what was the attitude of the defendants with respect to the first shipment. Our decision was based upon the conclusion that under the contract between the parties there was no warranty, express or implied, that survived delivery and acceptance. We added, "It may not be amiss, however, to discuss briefly the question of delivery and acceptance," and in that connection called attention to the fact that all the wheels were of the same quality, and no point was made of a difference in quality between the first and subsequent shipments. If any were bad or of an inferior quality, then all were in the same category. That the first shipments were delivered, shipped to Germany, and received by the defendants, are facts not in dispute; and assuming, without deciding, in favor of the appellant's contention, that delivery was to be made in Germany, it was incumbent upon the defendants, in order to sustain their counterclaim, to prove that the wheels were not accepted, but were promptly rejected by them, as being inferior to those for which they had contracted. Upon the facts we concluded that the burden placed upon the defendants of showing that upon arrival of the first shipments they acted promptly, by rejecting or refusing to accept the wheels, had not been sustained. In that connection we did not overlook the exception taken to the refusal to allow defendants to show what was done in notifying one McDonald, but we agreed with the trial judge that such evidence was neither competent nor binding upon the plaintiff; for, though McDonald had been the agent of the firm for which the plaintiff was appointed receiver, it did not appear, nor was there sufficient foundation to show, that he was the authorized agent of the plaintiff, or in a position to bind him by his acts or declarations. Nor do we agree with the defendants that the case of Carleton v. Lombard, 149 N. Y. 137, 43 N. E. 422, which is an authority as to latent defects, is applicable. The defects here alleged were of such a character that they must have been apparent from the merest inspection of the wheels themselves. Furthermore, we did not assume that defendants' entire argument upon the counterclaim was on the theory of a sale by sample, but considered, in addition, the question as to whether there was a warranty, express or implied, which survived acceptance, and found, as stated, that there was neither an express warranty nor an implied warranty, such as might arise upon a sale by sample, or in a sale of standard goods.

The motion for a reargument should be denied, with $10 costs.