### J. H. SCHNEIDER & CO. v. AMENDOLA.

(Supreme Court, Appellate Term. December 16, 1908.)

1. LANDLORD AND TENANT (§ 116*)—TENANCIES FROM MONTH TO MONTH—TERMINATION—NOTICE REQUIRED.

A hiring of premises from month to month creates a tenancy of uncertain duration requiring 30 days' notice for its termination.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 396; Dec. Dig. § 116.*]

2. LANDLORD AND TENANT (§ 115*) — MONTHLY TENANCY — EVIDENCE—SUFFICIENCY.

Evidence *held* to show a monthly tenancy of premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 115.*]

3. LANDLORD AND TENANT (§ 116*) — MONTHLY TENANCY — TERMINATION—NOTICE REQUIRED.

Under the statute, five days' notice is necessary to terminate a monthly tenancy.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 116.*]

4. LANDLORD AND TENANT (§ 297*) — TERMINATION OF TENANCY — NOTICE — WAIVER.

Defective service of notice to terminate a tenancy was waived by the tenant, where in a summary proceeding by the landlord the tenant did not

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

except to proof of such service, and did not include the defect as one of the specific grounds on which a motion to dismiss was based.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 297.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Summary proceeding by J. H. Schneider & Co., landlord, against Gaetano Amendola, tenant. From a final order dismissing the petition, the landlord appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Heyn & Covington, for appellant.
Palmieri & Wechsler, for respondent.

FORD, J. This is an appeal from a final order dismissing the landlord's petition in summary proceedings upon the ground of insufficient notice.

There was evidence from which the jury might well have found that the tenancy was commenced on the basis of a monthly hiring, in contradistinction to the hiring "from month to month," which creates a tenancy of uncertain duration, requiring 30 days' notice for its termination. In the testimony of the witness Cairns, who, as representative of the landlord, had the first negotiations with the tenant appears the following:

"Q. Was there anything said about a lease at that time? A. Yes; there was. The matter of a lease was broached by Mr. Amendola.

"Q. What did he say, and what did you say? A. I told him Mr. Amendola asked me if he could get a lease. I told him he could not, that the place was only rented from month to month, that no tenant had ever had a lease, and we could not tell when we wanted that room for our own purposes.

"Q. What did he say to that? A. Mr. Amendola said that under those conditions he could be dispossessed at any time. I asked Mr. Amendola if he was going to make any extensive repairs or alterations in the premises, or fix it up in any way, and he said, 'No,' he did not think he would. I told him, under those conditions, I did not see how he would be at any loss if he had to get out."

Afterward the tenant saw the landlord who testifies to the following conversation with him:

"After he (the tenant) had made the preliminary arrangement with Mr. Cairns—this was in the morning before I came down to business—then afterwards Mr. Amendola came to me, and I indorsed what Mr. Cairns had done. He asked me whether there was any possibility of getting a lease, and I told him, 'No.' There was only a wooden partition which separates the portion of the store which Mr. Amendola occupies, and that we might use that at any time; that, if he wanted to rent that subject to a monthly rental, why he could have it, and, if that did not suit him, I would rather he did not go in. Those were the terms. He said all right he would take it under those terms."

Thereafter the tenant went into possession and paid rent monthly from the 15th of one month to the 15th of each succeeding month. Surely this was a monthly tenancy liable to be terminated at any time, with the protection to the tenant, however, that he was entitled to the five days' notice provided by statute. Gilfoyle v. Cahill et al., 18 Misc. Rep. 68, 41 N. Y. Supp. 29; 1 McAdam on Landlord & Tenant, § 41; George on Apartments, Flats and Tenants, § 4. After the tenancy had thus continued for a couple of years, the landlord by letter

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

dated July 13th notified the tenant that he must vacate the premises by August 15th. On August 14th the latter called and asked that more time be given to him to get another place. The landlord thereupon agreed to permit him to stay an additional month—to September 15th. Appellant contends that this was in effect a new agreement for one month. In any event, no other kind of tenancy is shown than one based on a monthly hiring. To terminate such tenancy, the statutory five days' notice was necessary. That notice was given, but respondent insists that due service as required by the statute was not proved.

At the close of the landlord's case, a motion was made to dismiss the petition which the court at first denied, and then, after protracted argument, granted, whereupon counsel for the landlord in effect withdrew his motion, and consented to let the case go to the jury. The trial court adhered to its decision, and dismissed the petition. This constituted, I think, a waiver of the defective service to the proof of which no exception was taken during the trial, and which was not included in the specific grounds upon which the motion to dismiss was based. That such waiver is effective is established in Cutting v. Burns, 57 App. Div. 191, 68 N. Y. Supp. 274, where the court says:

"The learned counsel for the respondent insists that the disposition of the proceeding was right, for the reason that the plaintiff omitted to prove the service of the notice required by section 2236 of the Code of Civil Procedure. But the defendant appeared generally, joined issue, and went to a hearing on the merits, and made no motion at any time based upon the alleged defect. He thus waived the jurisdictional defect, and, even if it were necessary for the plaintiff to prove such issue as part of his case, the defendant cannot first avail himself of the point upon this appeal. McNish v. Village of Peekskill, 91 Hun, 324, 326, 36 N. Y. Supp. 1022; Haines v. N. Y. C. & H. R. R. R. Co., 145 N. Y. 236, 238, 39 N. E. 949; Flandrow v. Hammond, 148 N. Y. 129, 135, 42 N. E. 511."

The order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

HENDRICK, J., concurs. GIEGERICH, J., concurs in result.