ANNA FRANK, Landlord-Respondent, *v.* ISAAC JASPIN, Tenant-Appellant.

(County Court, Nassau County, September, 1914.)

Summary proceedings — joinder of issue in — pleading — landlord and tenant — Code Civ. Pro., §§ 3151, 3152.

Where before joinder of issue in summary proceedings against a tenant for holding over without permission of his landlord after the expiration of his term, the tenant, under sections 3151, 3152 of the Code of Civil Procedure, files his affidavit setting forth that the justice before whom the proceeding is pending is a material witness for him without whose testimony he cannot safely proceed to trial, and also setting forth the particular facts and circumstances which the tenant expects to prove by the justice, and the justice entered on the record a statement that he disregarded said affidavit and proceeded with the cause, a final order of removal awarding the landlord possession of the premises will be reversed.

The fact that after the presentation of the affidavit the tenant files an answer does not deprive him of the exception taken by him to the refusal of the justice to comply with the provision of section 3151 of the Code of Civil Procedure directing the proceeding to be continued before another justice of the same town or city named in the order of transfer.

APPEAL by the tenant from a final order made in summary proceedings by a justice of the peace in the town of Hempstead, granting the landlord possession of certain premises situate in the town of Hempstead, described in the petition.

County Court, Nassau County, September, 1914. [Vol. 87.

Lincoln B. Haskin, for tenant-appellant.

Payne, Wood & Littlejohn (George A. Littlejohn, of counsel), for landlord-respondent.

Niemann, J. After the court had convened on June 9, 1914, and the respective parties had appeared in person and by their counsel, the defendant filed his affidavit, verified on said day, setting forth that he is the tenant in the proceeding; that the justice is a material witness for him in said proceeding, and that he cannot safely proceed to the trial thereof without the testimony of said justice. The affidavit further states that defendant expects to prove by said justice certain statements or admissions claimed to have been made by one William B. Davis, one of the former owners of the premises and by the landlord herself and her husband, acting as her agent, as to the right of the tenant to remain in possession of the premises after May 1, 1914, and to have the use of said premises for another term beginning on or about May 5, 1914. The petition alleges that the tenant holds over and continues in possession of the premises without the permission of the landlord, after the expiration of the tenant's term therein. The verified answer interposed by said tenant to said petition contains a general denial of each and every allegation thereof, and thus puts in issue said allegation of holding over. It is claimed by the tenant-appellant that the said admissions alleged to have been made to the justice would disprove said allegation of the petition that the tenant was holding over. The said affidavit was marked " tenant's exhibit I " for identification and the justice entered upon the record the following statement: " Justice Jones disregards the affidavit marked

' tenant's exhibit I ' for identification. Tenant excepts.'' The tenant then filed a verified answer and demanded a trial by jury and the case was adjourned to June 11, 1914, for trial. The tenant did not appear upon the adjourned day. The landlord put in his evidence and the jury rendered a verdict in favor of the landlord. The court thereupon made the final order awarding possession of the premises to the landlord, from which this appeal is taken.

Upon the said day of the trial, the justice further entered upon the record the following: '' The court notes on the record that the affidavit filed by the tenant herein to the effect that Walter R. Jones, the justice of the peace holding court herein, is a material witness, and which affidavit was disregarded — that the court, the said Walter R. Jones, knows nothing whatever about the merits of the case at issue and that the statements contained in said affidavit, as far as the court is concerned, are not true.''

The affidavit in question was filed under sections 3151 and 3152 of the Code of Civil Procedure, which provide as follows:

'' Sec. 3151. When justice is a witness.— If, before an issue of fact is joined in an action or special proceeding, the defendant, or, where he has not been arrested, his attorney, presents to the justice satisfactory proof, by affidavit, that the justice, before whom the action or special proceeding is pending, is a material witness for the defendant, without whose testimony he cannot safely proceed to trial, setting forth therein the particular facts and circumstances, which he expects to prove by him, the justice must forthwith make a written order, directing the action or special proceeding to be continued before another justice of the same town or city, named in the order.''

" Sec. 3152. Proceedings upon transfer.—Where an order is made, as prescribed in either of the last two sections, the constable must forthwith take it, and all other papers in the action, with the body of the defendant, if he is under arrest, before the justice named in the order. The plaintiff or petitioner must forthwith appear before that justice, who must take cognizance of the action or special proceeding, and must proceed therein as if it had been commenced before him. Costs, recovered in the action or special proceeding, include the fees allowed by law, for services performed by the constable and the justice, before the transfer, together with the fees allowed by law, for the proceedings before the justice to whom the cause is transferred."

The learned counsel for the landlord-respondent insists that the affidavit was only filed for the purpose of delay and was rightfully disregarded by the justice. It appears from the statement on the record made by the justice himself that the justice disregarded the affidavit upon the ground that it was false. It is undoubtedly true that it is the duty of the justice in the first place to pass upon the sufficiency of the affidavit, but this does not give him the power to determine as to its truth or falsity. *Hopkins* v. *Cabrey,* 24 Wend. 264; *Bronson* v. *Gutches,* 17 App. Div. 204.

The office of such an affidavit and the powers and duties of the justice in dealing with the same are fully discussed and laid down by Herrick, J., in the case of *Bronson* v. *Gutches, supra,* and it seems to me that under the mandatory provisions of the sections of the Code above quoted and the cases of *Hopkins* v. *Cabrey* and *Bronson* v. *Gutches, supra,* the justice had no right to make the disposition of the affidavit which he did. The affidavit was full and complete and its allegations could not be summarily set

aside and disregarded by the justice solely because, as he says in his statement upon the record, he knew nothing about the merits of the case and found the statements contained in the affidavit to be untrue. Upon the presentation of this affidavit the justice had the right to consider only whether the defendant had made *prima facie* proof that the justice was a material witness, and not to decide whether the statements contained in the affidavit as to what the justice could testify to were true or false.

It seems to me that by the disposition made by the justice of this affidavit the tenant-appellant was deprived of a substantial right expressly given to defendants by statute in cases tried in justices' courts, and that it is incumbent upon the court to reverse this judgment upon that ground.

It is urged by the learned counsel for the landlord-respondent that the admissions or statements claimed to have been made to the justice by the landlord, her husband and William B. Davis, could have been proven, if true, by the cross-examination of said persons, inasmuch as they would have to take the stand to prove the landlord's case and thus become subject to cross-examination; and it might be added that said landlord and the other persons could have been called as witnesses upon the trial by the tenant-respondent himself; but, considering that they were adverse to the tenant and that they might possibly deny that they made the alleged admissions or statements, it was the right of the tenant to call as a witness the person to whom the admissions or statements were made. He could not be legally compelled to take the risk of going to trial without the testimony of said justice.

It is claimed by the learned counsel for the landlord-respondent that by filing an answer and proceeding with the case the tenant-appellant estopped himself

from raising any question on appeal as to the refusal of the justice to transfer the case. It is true that jurisdiction of the person may be acquired by consent and that defects of jurisdiction arising from irregularities, defects in the process or even absence of process may be waived by a voluntary general appearance and by a failure to make seasonable objections. *Harkness* v. *Hyde,* 98 U. S. 476; *Davis* v. *Packard,* 6 Wend. 327, 333; affd., 10 id. 50; *Clapp* v. *Graves,* 26 N. Y. 418; *Burling* v. *Freeman,* 2 Hun, 661; *People* v. *Brennan,* 3 id. 666; *Matter of Budlong,* 54 id. 131; *Bunker* v. *Langs,* 76 id. 543; *Matter of Blum,* 9 Misc. Rep. 571; *Cushingham* v. *Phillips,* 1 E. D. Smith, 417; *Martin* v. *Crosley,* 46 Misc. Rep. 254; *Marchand* v. *Haber,* 16 Misc. Rep. 319, 320; *Grafton* v. *Brigham,* 70 Hun, 135; *Nemetty* v. *Naylor,* 100 N. Y. 562, 569; *Cutting* v. *Burns,* 57 App. Div. 185, 191; *Schneider* v. *Amendola,* 113 N. Y. Supp. 517. But here the respondent expressly preserved his rights by objecting at the very beginning to the further progress of the case before the justice, and when his objection was overruled he duly entered an exception, thus giving notice upon the record of his intention not to waive the point.

I do not think that by proceeding thereafter with the case the tenant-respondent lost the benefit of the correct and timely motion made by him to transfer the case and of the due exception taken by him to the refusal of the justice to comply therewith. *Nickerson* v. *Ruger,* 76 N. Y. 280, 283; *Avery* v. *Slack,* 17 Wend. 85, 87; *Jones* v. *Jones,* 108 N. Y. 425; *Harkness* v. *Hyde, supra; Steamship Company* v. *Tugman,* 106 U. S. 118; *Waring* v. *McKinley,* 62 Barb. 612; *Lazzarone* v. *Oishei,* 2 Misc. Rep. 200, 206; *Horton* v. *Fancher,* 14 Hun, 172, 175; *Boynton* v. *Keeseville Electric L. & P. Co.,* 5 Misc. Rep. 118, 122; affd., 78 Hun, 609; *Stephens* v. *Molloy,* 50 Misc. Rep. 518, 522.

The foregoing disposition made by me of the appeal makes it unnecessary to consider any of the other grounds urged by the learned counsel for the tenant-appellant for a reversal of the judgment.

Judgment reversed, with costs.